**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **JASON STOVER,** | : | **CIVIL ACTION NO. 1:26-CV-2265** |
| **Plaintiff** | : | **(Judge Neary)** |
| **v.** | : | |
| **DAUPHIN COUNTY PRISON, *et al.*,** | : | |
| **Defendants** | : | |

**MEMORANDUM**

This is a prisoner civil rights case filed pursuant to 42 U.S.C. § 1983. Plaintiff, Jason Stover, alleges that defendants violated his civil rights by failing to provide him methadone to treat his drug withdrawal symptoms. The complaint will be dismissed without prejudice and Stover will be granted leave to file an amended complaint.

## I. Factual Background & Procedural History

Stover was detained in Dauphin County Prison at all relevant times. He filed his complaint on August 3, 2026, and the court received and docketed it on August 7, 2026. (Doc. 1). Stover then filed an amended complaint on September 10, 2026, which the court received and docketed on September 17, 2026. (Doc. 8). The amended complaint's factual allegations are limited to one paragraph as follows:

> In November of 2025 I was incarcerated at Dauphin County Prison. Prior to being incarcerated I was in a M.A.T. program at comprehensive Treatment center. I was prescribed 220 mg of methadone. During my intake I immediately told the medical department I was prescribed methadone. I was given a drug test and I signed a consent form and was told I will receive my methadone in a few days. I filled out a sick call slip every day and asked nurses every day when will I receive my

> methadone. After about 1 week I was going through horrible withdraw[al]. I couldn't eat or sleep. I was so uncomfortable I couldn't take it anymore and I attempted suicide by hanging myself with a sheet. I was taken to Harrisburg hospital but was still not given my methadone. I was returned to the prison and placed on suicide watch. 2 weeks went by and despite my daily sick call slips and talking to medical staff I never received my methadone until I was released on Bail. On 8/28/26 I filled out a sick call for an infection on my left pinky finger. I was ignored until 8/30 when I showed a nurse but nothing was done. On 8/31 I showed officer Edwin who took me to medical at this point I had a fever of 104.9. I was finally given antibiotics but I developed MRSA. I wasn't moved to isolation till 9/8, 8 days later. I believe this to be retaliation for my lawsuit.

(Doc. 8 at 2–3). Stover seeks damages for the alleged violations of his constitutional rights. (Id. at 3).

## II. Legal Standard

The Prison Litigation Reform Act authorizes a district court to review a complaint in a civil action in which a prisoner is proceeding *in forma pauperis* or seeks redress against a governmental employee or entity. See 28 U.S.C. § 1915(e)(2);[1] 28 U.S.C. § 1915A.[2] The court is required to identify cognizable claims

---

[1] 28 U.S.C. § 1915(e)(2) provides:

> **(2)** Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that—
> **(A)** the allegation of poverty is untrue; or
> **(B)** the action or appeal—
> **(i)** is frivolous or malicious;
> **(ii)** fails to state a claim on which relief may be granted; or
> **(iii)** seeks monetary relief against a defendant who is immune from such relief.

[2] 28 U.S.C. § 1915A provides:

and to *sua sponte* dismiss any claim that is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. See 28 U.S.C. § 1915(e)(2)(B); 28 U.S.C. § 1915A(b).

In screening claims under Sections 1915A(b) and 1915(e)(2)(B), the court applies the standard governing motions to dismiss filed pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. See, e.g., Coward v. City of Philadelphia, 546 F. Supp. 3d 331, 333 (E.D. Pa. 2021); Smith v. Delaware, 236 F. Supp.3d 882, 886 (D. Del. 2017). This standard requires the court to "accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." Phillips v. County of Allegheny, 515 F.3d 224, 233 (3d Cir. 2008) (quoting Pinker v. Roche Holdings, Ltd., 292 F.3d 361, 374 n.7 (3d Cir. 2002)).

Federal notice and pleading rules require the complaint to provide "the defendant fair notice of what the . . . claim is and the grounds upon which it rests." Phillips, 515 F.3d at 232 (alteration in original) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)). To test the sufficiency of the complaint, the court

---

**(a) Screening.**--The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.

**(b) Grounds for dismissal.**--On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint--

**(1)** is frivolous, malicious, or fails to state a claim upon which relief may be granted; or

**(2)** seeks monetary relief from a defendant who is immune from such relief.

conducts a three-step inquiry. Santiago v. Warminster Township, 629 F.3d 121, 130-31 (3d Cir. 2010). In the first step, "the court must 'tak[e] note of the elements a plaintiff must plead to state a claim.'" Id. at 130 (alteration in original) (quoting Ashcroft v. Iqbal, 556 U.S. 662, 675 (2009)). Next, the factual and legal elements of a claim must be separated; well-pleaded facts are accepted as true, while mere legal conclusions may be disregarded. Id. at 131-32; Fowler v. UPMC Shadyside, 578 F.3d 203, 210-11 (3d Cir. 2009). Once the court isolates the well-pleaded factual allegations, it must determine whether they are sufficient to show a "plausible claim for relief." Iqbal, 556 U.S. at 679 (citing Twombly, 550 U.S. at 556). A claim is facially plausible when the plaintiff pleads facts "that allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678.

Courts must liberally construe complaints brought by *pro se* litigants. Sause v. Bauer, 585 U.S. 957, 960 (2018). *Pro se* complaints, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." Erickson v. Pardus, 551 U.S. 89, 94 (2007).

## III. Discussion

Stover's federal constitutional claims are filed pursuant to 42 U.S.C. § 1983. Section 1983 creates a cause of action to redress constitutional wrongs committed by state officials. 42 U.S.C. § 1983. The statute is not a source of substantive rights, but serves as a mechanism for vindicating rights otherwise protected by federal law. See Gonzaga Univ. v. Doe, 536 U.S. 273, 284-85 (2002); Kneipp v. Tedder, 95 F.3d

1199, 1204 (3d Cir. 1996). To state a Section 1983 claim, plaintiffs must show a deprivation of a "right secured by the Constitution and the laws of the United States . . . by a person acting under color of state law." Kneipp, 95 F.3d at 1204 (quoting Mark v. Borough of Hatboro, 51 F.3d 1137, 1141 (3d Cir. 1995)).

Although Stover does not state what constitutional provision governs his claims, the court liberally construes the amended complaint as asserting Fourteenth Amendment deliberate indifference claims for failing to provide him methadone and failing to treat his infection.[3] The court also liberally construes the amended complaint as asserting a claim for retaliation in violation of the First Amendment.

To state a Fourteenth Amendment claim for deliberate indifference to a serious medical need, a plaintiff must allege "(i) a serious medical need, and (ii) acts or omissions by prison officials that indicate deliberate indifference to that need." Natale, 318 F.3d at 582 (citing Rouse v. Plantier, 182 F.3d 192, 197 (3d Cir. 1999)). A serious medical need is "one that has been diagnosed by a physician as requiring treatment or one that is so obvious that a lay person would recognize the necessity for a doctor's attention." Monmouth Cnty. Corr. Institutional Inmates v. Lanzaro, 834 F.2d 326, 347 (3d Cir. 1987). A prison official acts with deliberate indifference

---

[3] The claims are governed by the Fourteenth Amendment instead of the Eighth Amendment because plaintiff appears to have been a pretrial detainee at the relevant time. See Natale v. Camden Cnty. Corr. Facility, 318 F.3d 575, 581 (3d Cir. 2003). The Fourteenth Amendment "affords pretrial detainees protections 'at least as great as the Eighth Amendment protections available to a convicted prisoner.'" Id.

when he "knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." Farmer v. Brennan, 511 U.S. 825, 837 (1994). "A plaintiff's mere disagreement as to the proper medical treatment" is not sufficient to support a deliberate indifference claim. Lanzaro, 834 F.2d at 346.

In this case, Stover alleges deliberate indifference based on prison officials' failure to provide him methadone for 18 days and failure to treat his infection for three days. Although the need for methadone to treat symptoms of withdrawal may constitute a serious medical need, DiFraia v. Ransom, 171 F.4th 622, 629 (3d Cir. 2026), and a MRSA infection is clearly a serious medical need, Stover does not allege any intentional actions by prison medical officials that could constitute deliberate indifference to those needs. As presently pleaded, the amended complaint appears to allege nothing more than negligence, which is not sufficient to state a claim for deliberate indifference. See Farmer v. Brennan, 511 U.S. 825, 835 (1994) ("[D]eliberate indifference entails something more than mere negligence.").

As for Stover's retaliation claim, First Amendment retaliation claims require allegations that: (1) the plaintiff engaged in constitutionally protected conduct; (2) the defendant took retaliatory action against him that was sufficient to deter a person of ordinary firmness from exercising his constitutional rights; and (3) there was a causal connection between the protected conduct and the retaliatory action. Mitchell v. Horn, 318 F.3d 523, 530 (3d Cir. 2003). Causation may be pleaded by

alleging either an unusually suggestive temporal proximity between the plaintiff's protected conduct and the defendant's allegedly retaliatory action or a pattern of antagonism coupled with timing. Dondero v. Lower Milford Twp., 5 F.4th 355, 361-62 (3d Cir. 2021) (citing Lauren W. ex rel. Jean W. v. DeFlaminis, 480 F.3d 259, 267 (3d Cir. 2007)).

Here, the amended complaint plainly fails to state a retaliation claim upon which relief may be granted. Stover alleges that the failure to treat his MRSA infection was retaliation for the filing of this lawsuit, but he offers nothing to establish a causal connection between the two and simply speculates that it was retaliation. This is plainly insufficient to state a claim upon which relief may be granted.

The amended complaint also fails to allege the personal involvement of any individual actors in either claim. A defendant cannot be liable for a violation of a plaintiff's civil rights unless the defendant was personally involved in the violation. Jutrowski v. Twp. of Riverdale, 904 F.3d 280, 289 (3d Cir. 2018). The defendant's personal involvement cannot be based solely on a theory of *respondeat superior*. Rode v. Dellarciprete, 845 F.2d 1195, 1207 (3d Cir. 1988). Rather, for a supervisor to be liable for the actions of a subordinate, there must be allegations of personal direction or actual knowledge and acquiescence. Id. The only individual defendant named in the amended complaint is Dauphin County Prison's "M.A.T. Director," but there are no factual allegations against this defendant. (See Doc. 8 at 2–3). Thus,

the amended complaint appears to try to hold this defendant liable solely on a theory of *respondeat superior*, which is not sufficient to allege personal involvement.

Finally, the amended complaint fails to state a claim upon which relief may be granted to the extent it asserts claims against Dauphin County Prison and the prison's medical department. To state a claim against a municipality, a plaintiff must allege that the municipality either "(1) had an unconstitutional policy or custom or (2) was deliberately indifferent to inmates' rights." Hightower v. City of Philadelphia, 130 F.4th 352, 356 (3d Cir. 2025). Stover does not allege any policy or custom by Dauphin County that caused the alleged violations of his civil rights, and an allegation that the county itself was deliberately indifferent to his rights would require showing that a "'pattern of similar constitutional violations' put the city on notice that, by failing to act, it was being deliberately indifferent to inmates' rights." Id. (quoting Connick v. Thompson, 563 U.S. 51, 62 (2011). No such pattern of constitutional violations is alleged in this case.

Before dismissing a civil rights complaint for failure to state a claim, courts must permit a curative amendment unless the amendment would be inequitable or futile. Phillips, 515 F.3d at 245. Stover will be granted leave to amend his complaint because the court cannot conclude that such an amendment would be inequitable or futile.

## IV. Conclusion

Stover is granted leave to proceed *in forma pauperis*, and his amended complaint is dismissed without prejudice for failure to state a claim upon which

relief may be granted pursuant to 28 U.S.C. § 1915(e)(2) and 28 U.S.C. § 1915A. Stover is also granted leave to file a second amended complaint. An appropriate order shall issue.

/S/ KELI M. NEARY
Keli M. Neary
United States District Judge
Middle District of Pennsylvania

Dated: September 22, 2026